UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAJAN SINGH (A-Number: 220-433-217), Petitioner, v. ANDREWS, et al., Respondents. | No. 1:26-cv-07882-KES-SAB (HC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Docs. 1, 3 |

Petitioner Sajan Singh ("petitioner" or "Singh") is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 3. Singh entered the United States in 2021 and obtained a work permit in 2022. Doc. 1 at 5. The work permit was renewed in 2024 and is valid through 2029. *Id.* The Court has previously addressed the legal issues raised by the petition—that in circumstances such as these where the government has permitted a noncitizen to live at liberty for years while his immigration case proceeds, and then seeks to detain the noncitizen, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Medvezhov v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-05918-KES-SAB (HC), 2026 WL 2234501 (E.D. Cal. Aug. 3, 2026). As in *Medvezhov*, Singh has a protected liberty interest. The government has "sanctioned [Singh's] continued presence in the United States by granting his employment authorization." *Id.* at *2 (cleaned up).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior order and that would justify denying the petition. Doc. 8. Respondents concede that 8 U.S.C. § 1226(a) governs Singh's detention and that Singh is entitled to a custody redetermination hearing. Doc. 9 at 1. Respondents also submitted a Department of Homeland Security record indicating immigration authorities encountered Singh after the Federal Bureau of Investigation executed a federal search warrant on August 5, 2026 at a residence in Fresno, California. Doc. 9-1 at 2. Under the circumstances of this case, a post-deprivation hearing is appropriate.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner a bond hearing within ten (10) days before a neutral decisionmaker. At this hearing, the burden will be on the government to demonstrate, by clear and convincing evidence, that petitioner is a flight risk or danger to the community, such that his physical custody is legally justified. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before a bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond as well as alternative conditions of release. This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

///

///

///

///

///

///

The motion for temporary restraining order is DENIED as moot.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated: October 5, 2026

UNITED STATES DISTRICT JUDGE